UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br>SELECT RETRIEVAL, LLC, a Texas Limited Liability Corporation,<br>　　　　　　　Defendant. | Case No. 3:12-cv-2342-GPC-WMC<br><br>**ORDER DENYING SELECT RETRIEVAL, LLC'S MOTION TO DISMISS PLAINTIFF ADOBE SYSTEM INCORPORATED'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(ECF NOS. 51, 55)** |

### INTRODUCTION

Before the Court in this patent case is defendant Select Retrieval, LLC's ("Select Retrieval") Motion to Dismiss plaintiff Adobe System Incorporated's ("Adobe") currently operative First Amended Complaint ("FAC") pursuant to the first-to-file rule. (ECF Nos. 51, 54.) Adobe has filed a response in opposition, (ECF No. 59), and Select Retrieval has filed a reply, (ECF No. 65). The Court find's Select Retrieval's Motion to Dismiss suitable for disposition without oral argument. See CivLR 7.1.d.1. Having considered the parties' submissions and the applicable law, and for the reasons that follow, the Court will **DENY** Select Retrieval's Motion to Dismiss.

///

///

## BACKGROUND

Adobe filed this case on September 25, 2012,[1] following Select Retrieval's decision to sue several of Adobe's customers for infringement of U.S. Patent No. 6,128,617 ("'617 patent") and U.S. Patent No. 5,953,724 ("'724 patent"). (ECF Nos. 41, 43.) The patent-infringement cases Select Retrieval filed included at least one case each in this District ("California Action"), the Northern District of Illinois ("Illinois Action"), the Middle District of Florida ("Florida Action"), the District of Oregon ("Oregon Action"), and the District of Maine ("Maine Action"). (Id. ¶¶ 16-18, 20-21.)

All defendants in the California Action have been dismissed, and the case is closed.[2] Before the California Action was closed, however, Adobe sought to intervene per Select Retrieval's allegations against a licensee of Adobe's Digital Marketing technology ("DM technology")—Pacific Sunwear of California, Inc. ("Pacific Sunwear"). Unsuccessful in its attempt to intervene, Adobe agreed to defend and indemnify Pacific Sunwear and, in doing so, filed counterclaims against Select Retrieval for declarations of invalidity and non-infringement of the '617 patent. Select Retrieval thereafter executed a covenant not to sue Pacific Sunwear, which led to the parties' joint motion to dismiss their respective claims and counterclaims.

Only two defendants remain in the Illinois Action—OfficeMax, Inc. ("OfficeMax") and Sears Holdings Corp. ("Sears")—both of which are licensees of Adobe's DM technology. (ECF No. 43 ¶ 17.) The Illinois Action has been stayed pending resolution of this action. (ECF No. 63.) The Florida Action has been dismissed. (ECF No. 43 ¶ 18.) The Oregon Action has been dismissed. (Id. ¶ 20.) The Maine Action involves one licensee of Adobe's DM technology, L.L. Bean, Inc. ("L.L. Bean"), and is currently stayed pending resolution of this action. (Id. ¶ 21.)

---

[1] The redacted version of Adobe's initial Complaint was filed on the docket on October 9, 2012.

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of facts relating to the procedural histories of this case, the related case filed in this District, Select Retrieval, LLC v. American Apparel, LLC, 3:11-cv-2158-GPC-WMC, and the First Delaware Action, Select Retrieval, LLC v. Amerimark Direct, LLC, 1:11-cv-0812-RGA.

Select Retrieval also filed at least two patent-infringement cases in the District of Delaware, the first of which ("First Delaware Action") is still pending, and the second of which has been dismissed. (Id. ¶¶ 19, 22.) Select Retrieval filed the First Delaware Action on September 13, 2011, naming, among others, five licensees of Adobe's DM technology as defendants: B&H Foto & Electronics Corp. ("B&H"); Charming Shoppes, Inc. ("Charming"); Hayneedle, Inc. ("Hayneedle"); Macys.com, Inc. ("Macy's"); and Ross-Simons of Warwick, Inc. ("Ross-Simons"). (Id. ¶ 19.)

Adobe's successfully moved to intervene in the First Delaware Action for the limited purpose of filing a motion to sever and stay proceedings against its customers. (ECF No. 55-5.) And while Adobe's motion to sever was granted, its motion to stay was denied. Because Adobe agreed to defend and indemnify its licensees, the First Delaware Action has been proceeding with Adobe's counsel at the helm of its licensees' defense, even though Adobe is not itself a party to that action.

The parties in the First Delaware Action have exchanged initial disclosures, preliminary infringement contentions, preliminary invalidity contentions. The parties have also engaged in significant discovery, including document productions and depositions. On October 23, 2013, the court there issued a claims construction order, (ECF No. 55-6), in which the court addressed nearly all of the claim terms that Adobe, in its representation of Pacific Sunwear in the case related to this one, would have had this Court construe.[3] Fact discovery is set to close on February 5, 2014; expert discovery is set to close on May 14, 2014; the dispositive motion filing deadline is set for June 13, 2014; and trial is scheduled for November 3, 2104. (ECF No. 55-7.)

As to Select Retrieval's allegations against Adobe's customers in the First Delaware Action, the Maine Action, and the Illinois Action, Adobe explains: "Select

---

[3] Those claim terms include: "plural successive integrated active information documents"; "control element selections"; "database"; "a database record having plural fields"; "database query"; "rendering"; and "plural nodes at plural levels." The court in the First Delaware Action construed all of these terms except the three database terms. It appears the court has received briefing on whether to construe these database terms but has not yet decided whether and, if so, how to construe them.

Retrieval alleges that Pacific Sunwear,[4] OfficeMax, Sears, B&H, Charming, Hayneedle, Macy's,[5] Ross-Simons, and L.L. Bean, all of whom are Adobe licensees (collectively, the "Adobe Licensees"), infringe the '617 patent 'by making, using, owning, operating, and/or maintaining one or more websites . . . that embody the inventions claimed in the '617 Patent.'" (ECF No. 43 ¶ 23.) In other words, Select Retrieval's allegations against each of Adobe's customers are essentially the same, varying only to the extent that each Adobe customer maintained its own website.

Adobe further explains that "Select Retrieval has also alleged that OfficeMax infringes the '724 patent 'by making, using, selling, offering for sale or license, advertising and/or importing in the United States, including within this judicial district [i.e., the Northern District of Illinois], their products and services on the Internet using methods or instrumentalities that embody the inventions claimed in the '724 Patent.'"[6] (Id. ¶ 24.)

Adobe asserts the "Adobe Licensees provided to Adobe copies of the allegations made against them by Select Retrieval, represented that these allegations are based on customer use of the Adobe [DM] technology, and requested defense and indemnity from Adobe." (Id. ¶ 26.) "Adobe has agreed to defend and indemnify all of the Adobe Licensees Select Retrieval has accused of infringing the '617 patent." (Id. ¶ 33.)

Adobe explains that, while two district courts (this one and the District Court for the District of Oregon) have found that Adobe did not have a significant protectable interest in Select Retrieval's allegations, these decisions were issued before Adobe filed notices as to Adobe's agreement to defend and indemnify its licensees. (Id. ¶ 34

---

[4] As noted above, Pacific Sunwear has been dismissed from the California Action.

[5] Macy's was dismissed from the First Delaware Action on January 21, 2014. B&H, Charming, Hayneedle, and Ross-Simons remain as defendants in the First Delaware Action, having recently served their Fourth Amended Invalidity Contentions.

[6] Adobe explains that, "In an amended complaint filed on September 14, 2011, Select Retrieval omitted allegations related to the '724 patent," but that "Select Retrieval has refused to give OfficeMax, Adobe, or any other Adobe Licensees (other than Pacific Sunwear) a covenant not to sue on the '724 patent." (Id. ¶ 24.)

n.1.)  Adobe explains that, once it agreed to defend and indemnify the Adobe Licensees, the District Courts for the District of Maine and the District of Delaware "held that Adobe has a 'substantial' or 'protectable' interest in Select Retrieval's allegations regarding infringement of the '617 patent." (Id. ¶¶ 34-36.)

Based on the foregoing, Adobe asserted, in its FAC, four claims against Select Retrieval: (1) declaratory judgment of non-infringement of the '617 patent; (2) declaratory judgment of non-infringement of the '724 patent; (3) declaratory judgment of invalidity of the '617 patent; and (4) declaratory judgment of invalidity of the '724 patent. (ECF No. 43 ¶¶ 43-72.)  Thereafter, Select Retrieval executed a covenant not to sue Adobe or its customers for infringement of the '724 patent for a period of six years after the expiration of the '724 patent. (ECF No. 53-1.)  The Court thus granted Adobe and Select Retrieval joint motion to dismiss Adobe's second and fourth claims as to the '724 patent. (ECF Nos. 53, 54.)  Thus, only Adobe's first and third claims for declarations of non-infringement and invalidity of the '617 patent remain.

Select Retrieval now moves to dismiss Adobe's first and third claims under the first-to-file rule.

## DISCUSSION

Select Retrieval does not dispute that a justiciable controversy exists between it and Adobe, such that this Court has jurisdiction over this case under the Declaratory Judgment Act.  Rather, Select Retrieval asserts the Court should, in its discretion, decline to exercise jurisdiction and dismiss this action in favor of the First Delaware Action.

More specifically, Select Retrieval argues this Court should decline to exercise declaratory-judgment jurisdiction because the First Delaware Action: (1) was the first-filed case; (2) involves substantially similar parties and issues; (3) has significantly progressed through the discovery phase; (4) has proceeded through claims construction; (5) is set for trial on November 3, 2014; and (5) will fully resolve Adobe's remaining claims in this case.

In opposition, Adobe argues the first-to-file rule is inapplicable because it is not technically a party to the First Delaware Action; rather, this is the first-filed (and only) action specifically between Adobe and Select Retrieval. Adobe further argues this suit, which is a "manufacturer suit," should take precedence of the First Delaware Action, which is a "customer suit." Adobe contends the First Delaware Action will not resolve all disputes between itself and Select Retrieval because the First Delaware Action will resolve the dispute "as it touches on only those customers involved in the particular action," and not the customers in the Maine and Illinois Actions, both of which remain stayed pending the outcome of this case. (See ECF No. 63-1.)

The first-to-file rule is a generally recognized doctrine of federal comity that permits a court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); see also Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (considering first-to-file rules of circuit in which patent case arose). "Underlying the first-to-file rule is the notion that '[s]ound judicial administration . . . indicate[s] that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.'" Best Western Int'l, Inc. v. Patel, 2008 WL 608382, at *4 (D. Ariz. Mar. 3, 2008) (emphasis added) (quoting Pacesetter, 678 F.2d at 95).

Three "prerequisites" must be satisfied for the rule to apply: (1) both cases must involve the same parties; (2) both cases must involve the same issues; and (3) one case must have been filed before the other. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991).

Acknowledging that Adobe "is not technically a party to the [First Delaware Action]," (ECF No. 55 at 8), Select Retrieval relies heavily on Proofpoint, Inc. v. InNova Patent Licensing, LLC, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011), to argue the Court should nonetheless dismiss this case under the first-to-file rule.

In <u>Proofpoint</u>, the district court was faced with a motion to dismiss claims for declarations of non-infringement and invalidity of the patent-in-suit for lack of subject-matter jurisdiction. <u>Id.</u> at *1. The declaratory-relief plaintiff, like Adobe here, sought to clear the cloud over its software after the patentee/declaratory-relief defendant had sued several of the plaintiff's customers in a previously filed suit. <u>Id.</u> After deciding the plaintiff failed to allege a controversy sufficient for declaratory-judgment jurisdiction, the court opined in the alternative that—even if it "were to find the declaratory jurisdiction <u>might</u> be proper"—the court "would nevertheless decline jurisdiction" under the first-to-file rule in favor of the first-filed action. <u>Id.</u> at *6. In rendering this alternative opinion, however, the court found the first-to-file rule was "not <u>clearly</u> applicable" because the plaintiff was "not a party" to the Texas action. <u>Id.</u> at *7. Nonetheless, the court reasoned that its decision to decline jurisdiction was further supported under the first-to-file rule's underlying policy of judicial efficiency. <u>Id.</u> In the end, the court went so far as to "encourage" the plaintiff to intervene in the Texas action, instead of filing an amended complaint. <u>Id.</u>

Ultimately, <u>Proofpoint</u> is distinguishable and does not stand for the proposition that the first-to-file rule applies where an essential party is absent from one of the two filed cases. Indeed, the <u>Proofpoint</u> court did not squarely address the same-parties prerequisite but instead found that the interests of judicial economy supported application of the rule.

In this case, the Court finds the parties in this action and the First Delaware Action are neither the same nor substantially similar. It is undisputed that Adobe is not a party to the First Delaware Action, as Adobe's role in that case is limited to defending its customers against Select Retrieval's allegations of individual infringement as to each of those customers.

The Court further finds the issues in this case and the First Delaware Action are neither the same nor substantially similar. Select Retrieval's claims in the First Delaware Action pertain only to the allegedly infringing acts by Adobe's customers in

their use of Adobe's technology. This is because the '617 patent covers certain <u>methods</u>, meaning that a finding of infringement or non-infringement by each of Adobe's customers in the First Delaware Action may, in theory, vary depending on how Adobe's technology was or is used by each of its customers. Conversely, a finding of infringement or non-infringement in this case will resolve the broader issue of whether Adobe's technology may be used to infringe the '617 patent at all—a finding that will affect the outcome of Select Retrieval's claims against Adobe's customers in the First Delaware, Maine, and Illinois Actions.

The District Court for the Northern District of Illinois similarly recognized the difference between this suit and the suits in which Adobe is merely defending its customers. In its recent decision permitting Adobe to intervene in the Illinois Action for purposes of requesting a stay in favor of this action, the court stated:

> Intervention of right also requires that the disposition of the case could impair or impede the [Adobe]'s ability to protect its interest. Select Retrieval contends that this is impossible because a finding of infringement by any of Adobe's customers would not have a preclusive effect as to its other customers in other cases. But this fact supports, rather than detracts from, Adobe's request to intervene. It underscores that Adobe (through its customers) would be subject to potentially inconsistent judgments regarding whether its technology infringes the patent. Without intervening in [and staying] this case, Adobe's ability to defend its technology could be compromised. And both Select Retrieval and Adobe would be forced to proceed inefficiently in piecemeal fashion, even though the same technology (albeit not solely Adobe's technology) is at issue in various cases.

(ECF No. 63-1 at 6.) The court went further, stating: "[A]lthough the customers' interests are not inconsistent with Adobe's, they are not adequate representatives of Adobe's position in the larger fight being waged nationwide between it and Select Retrieval." (<u>Id.</u> at 7.) In short, this action represents the battlefield on which that "larger fight" is being fought.

## CONCLUSION & ORDER

Based on the foregoing, the Court concludes the facts of this case do not warrant declining jurisdiction under the first-to-file rule. Accordingly, **IT IS HEREBY ORDERED** that:

1. Select Retrieval's Motion to Dismiss, (ECF Nos. 51, 55), is **DENIED**; and

2. The hearing on Select Retrieval's Motion to Dismiss, currently set for February 7, 2014, at 1:30 p.m., is **VACATED**.

DATED: February 5, 2014

HON. GONZALO P. CURIEL
United States District Judge